## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**STACEY HUDSON**  **PLAINTIFF**

**v.**  **Case No: 4:21-cv-00310-LPR**

**ALLSTATE INSURANCE COMPANY**  **DEFENDANT**

### ORDER

Pending before the Court is a Motion to Remand by Plaintiff Stacey Hudson.[1]  For the reasons that follow, the Court GRANTS the Motion.

In 2015, Ms. Hudson was injured when another motorist rear-ended her car.[2]  Subsequently, Ms. Hudson accepted policy limits from the motorist's insurance carrier.[3]  Ms. Hudson then turned to Allstate, her own auto-liability insurance carrier, for underinsured motorists benefits, contending that her damages outstripped her initial recovery from the other motorist's policy.[4]  Allstate allegedly failed to pay any benefits to Ms. Hudson.[5]

Ms. Hudson sued Allstate in state court on August 22, 2017.[6]  Ms. Hudson's Complaint alleged one count of breach of contract.[7]  The Complaint requested $50,000 in damages (the policy limits of Ms. Hudson's underinsured benefits).[8]  Ms. Hudson also alleged that Allstate was "liable for interest, attorney[s'] fees and a 12% penalty pursuant to Arkansas Code Annotated § 23-79-

---

[1]  Pl.'s Mot. to Remand (Doc. 44).

[2]  Pl.'s Compl. (Doc. 4) ¶ 6.

[3]  *Id.* ¶ 13.

[4]  *Id.* ¶ 15, 17.

[5]  *Id.* ¶ 17.

[6]  *Id.*

[7]  *Id.* ¶ 18.

[8]  *Id.* at 3.

208."[9]  The Complaint did not state one way or the other whether it was seeking, in total, relief that exceeded the $75,000 amount-in-controversy floor.

Ms. Hudson's case languished in state court for the better part of the next four years.  On March 16, 2021, Ms. Hudson filed her First Amended Complaint in state court.[10]  In the First Amended Complaint, Ms. Hudson renews her breach-of-contract claim and adds numerous factual allegations to support a new tort claim for bad faith.[11]  On the breach-of-contract claim, Ms. Hudson seeks the same damages she sought in her original Complaint,[12] although she notes that attorneys' fees on that claim alone are well over the amount necessary for total relief to exceed the $75,000 amount-in-controversy floor.[13]  On the new bad faith claim, Ms. Hudson seeks compensatory damages and an additional $15,000,000.00 in punitive damages.[14]  On April 15, 2021, Allstate removed the case to this Court.[15]  On April 26, 2021, Ms. Hudson filed the pending Motion to Remand.[16]  Ms. Hudson principally argues that Allstate's removal is untimely.[17]

"The removal statutes provide a thirty-day deadline by which a defendant must file a notice of removal."[18]  When this 30-day period begins depends on whether "'the case stated by the initial pleading' is removable."[19]  If it is so removable, then the clock starts when the defendant receives

---

[9]  *Id.* ¶ 19.

[10]  Pl.'s First Am. Compl. (Doc. 6).

[11]  *Id.* ¶¶ 10.1–10.31, 11.1–11.8.

[12]  *Id.* ¶ 11.8.

[13]  *Id.* ¶ 2.8–2.9.

[14]  *Id.* ¶¶ 10.31, 12.13.

[15]  Def.'s Notice of Removal (Doc. 1).

[16]  Pl.'s Mot. to Remand (Doc. 44).

[17]  *Id.* ¶¶ 3, 4.

[18]  *Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 973 (8th Cir. 2011) (citing 28 U.S.C. § 1446(b)(1)).

[19]  *Id.* (quoting 28 U.S.C. § 1446(b)(1)).

the initial pleading.[20]  Otherwise, the clock starts when the defendant receives "a copy of an amended pleading . . . or other paper from which it may first be ascertained that the case is one which is or has become removable."[21]  In this latter situation, however, a defendant cannot remove a case based on diversity jurisdiction more than one year after the case commences "unless the district court finds that the plaintiff has acted in bad faith to prevent a defendant from removing the action."[22]

Both parties agree that this case was removable as initially pled.[23]  If that is correct, Allstate's removal window closed 30 days after Allstate received the original Complaint.[24]  Allstate asks the Court to read into 28 U.S.C. § 1446(b)(1) a judge-made exception known as the "revival exception."[25]  The Fifth Circuit explains that "[t]he revival exception provides that a lapsed right to remove an initially removable case within thirty days is restored when the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit."[26]  Allstate argues that Ms. Hudson's new bad-faith claim fits the bill for the revival exception.[27]

It appears that only the Fifth and Seventh Circuits have explicitly adopted this exception.[28]  Neither has grounded the exception in any textual analysis.  Allstate could not provide the Court

---

[20] 28 U.S.C. § 1446(b).

[21] 28 U.S.C. § 1446(b)(3).

[22] 28 U.S.C. § 1446(c).

[23] Br. in Supp. of Mot. to Remand (Doc. 45) at 4.  *See also* July 16, 2021 Hr'g Tr. at 18–21.

[24] 28 U.S.C. 1446(b)(1).

[25] Def.'s Resp. to Pl.'s Mot. to Remand (Doc. 46) at 4–5; *see also Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 966 (7th Cir. 1982) (referring to the revival exception as a "judicially engrafted exception").

[26] *Johnson v. Heublein Inc.*, 227 F.3d 236, 241 (5th Cir. 2000).

[27] Def.'s Resp. to Pl.'s Mot. to Remand (Doc. 46) at 5.

[28] *See, e.g., Johnson*, 227 F.3d at 241; *Wilson*, 668 F.2d at 966.

with a textual basis for this judge-made exception. The Eighth Circuit has not affirmatively adopted this exception. I will not do so unless the Eighth Circuit requires me to do so. I do not see in the text of 28 U.S.C. § 1441 any basis for the so-called revival exception. Allstate has some weighty policy arguments in support of the revival exception. But these policy arguments should be made to Congress, not the courts. Congress writes the statutes, and judges don't get to use our authority to interpret statutes as a way to re-write them.

It is probably worth noting that the Court disagrees with the parties on the premise underlying the above dispute. Although the parties both argue otherwise, this case as initially pled did not trigger the removal deadline because the Complaint did not "explicitly state the amount in controversy."[29] The Eighth Circuit has been adamant that § 1446(b)'s 30-day clock "begins running upon receipt of the initial complaint *only* when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount."[30] This rule ensures that Courts will not be required "to inquire into what a particular defendant may or may not subjectively know."[31]

If the initial pleading did not trigger the 30-day window for removal, the problem for Allstate becomes § 1446(c)'s one-year time bar.[32] Allstate concedes, as it must, that it removed the case far more than one year after the case began.[33] To try to get around this barrier, Allstate

---

[29] *Knudson*, 634 F.3d at 974.

[30] *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000) (emphasis added).

[31] *Knudson*, 634 F.3d at 974 (internal quotations and citation omitted). Admittedly, the Eighth Circuit rule may have a logical breaking point. For example, what would be the application of the rule if a complaint specified $74,999.99 in damages and requested statutory attorneys' fees on top of damages? Would the Eighth Circuit say that the case was not removable as initially pled? I imagine not. But the case at bar is not so extreme. Recall the original Complaint requested $50,000.00 plus a 12% statutory penalty, which would equal approximately $6,000.00. On the face of the Complaint, then, Ms. Hudson sought roughly $56,000.00 plus interest and attorneys' fees. There is quite a bit of room between $56,000.00 and $75,000.01. This case fits somewhat more comfortably into the Eighth Circuit's rule.

[32] 28 U.S.C. § 1446(c).

[33] Def.'s Resp. to Pl.'s Mot. to Remand (Doc. 46) at 6.

argues that Ms. Hudson acted in bad faith to prevent removal and thus triggered the statutory bad-faith exception to § 1446(c)'s one-year bar. Allstate provides multiple examples it says show such bad-faith conduct designed to prevent removal.

Even if Allstate could show bad faith as that term is used in the applicable statute, Ms. Hudson's conduct did not *prevent* removal.[34] Ms. Hudson did not fraudulently join a party. Nor did Ms. Hudson say in her Complaint that she was seeking an amount less than $75,000.00 only to turn around after one year and amend her complaint to seek much higher damages. The Complaint forthrightly identified as damages $56,000.00 plus attorneys' fees as authorized by statute. The Complaint's silence with respect to a specific amount of attorneys' fees informs the Court's decision above that 1446(b)(1)'s 30-day clock wasn't triggered under Eighth Circuit precedent. But that silence doesn't mean that Ms. Hudson was trying to prevent removal. A defendant can remove a case so long as it can prove by a preponderance of the evidence that a fact finder might legally conclude that the amount-in-controversy exceeds $75,000.00.[35] It would not have been difficult for Allstate to make this showing. Remember, Ms. Hudson explicitly sought $56,000.00 plus attorneys' fees. It would not be a stretch by any means to infer that attorneys' fees would have pushed this case beyond $75,000. If Ms. Hudson were really trying to prevent

---

[34] The Court does not agree that the record reveals conduct that amounts to bad faith under the statute. For instance, Allstate points to Ms. Hudson's delaying acceptance of a settlement offer as evidence of bad faith. Def.'s Resp. to Mot. to Remand (Doc. 46) at 3. But Allstate offered settlement over a year after the case began. Pl.'s Mot. to Remand (Doc. 44) at 2 (showing that Allstate received the Complaint on September 7, 2017, and tendered policy limits on February 13, 2019). This is not an instance in which the settlement offer was made within the one-year window and Ms. Hudson strung out a response until that window closed. Allstate also says that Ms. Hudson's discovery responses cloaked the true value of the suit. Def.'s Resp. to Pl.'s Mot. to Remand (Doc. 46) at 1–2. But Ms. Hudson's Complaint clearly asked for the policy limit of $50,000.00, for the 12% statutory penalty, and for attorneys' fees. Ms. Hudson did not hide the ball on how much money she thought she was owed for damages on her then-existing claim. Most seriously, Allstate says that the Amended Complaint evidences bad faith because it added a tort claim and, correspondingly, a request for punitive damages outside the one-year window. But, due to her former counsel falling ill, Ms. Hudson got new counsel after the one-year mark. Def.'s Notice of Removal (Doc. 1) at 358. In this context, an amended complaint outside the one-year mark seems more likely to represent tactical differences between attorneys and not bad-faith conduct.

[35] *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009).

removal, she would not have expressed in her Complaint that she was seeking policy limits or she would have expressly said her total recovery (including attorneys' fees) had to be less than $75,000. Because the Court concludes that nothing Ms. Hudson did prevented Allstate from removing the case, the exception to the one-year time bar does not apply.[36]

Finally, the Court notes that, even if the revival exception or the bad-faith statutory exception might have theoretically justified Allstate's removal, Allstate waived any such right to remove by moving in state court to strike significant portions of the First Amended Complaint. Although the issue is not free from all doubt, the Court agrees with Ms. Hudson's argument that Allstate's Motion to Strike is close enough to a merits-based attack on the pleadings to trigger the waiver doctrine.[37]

Ms. Hudson's Motion to Remand is GRANTED. The Clerk of the Court is directed to immediately remand this case to the Circuit Court of Pulaski County, Arkansas. The Clerk is then directed to close this case.

IT IS SO ORDERED this 21st day of July 2021.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[36] Whether Ms. Hudson's original Complaint *encouraged* Allstate to forego removal is irrelevant. The statute uses the word *prevent*. The unambiguous meaning of prevent is to "stop from happening; to hinder or impede." *Prevent*, Black's Law dictionary (11th ed. 2019).

[37] *See* Br. in Supp. of Mot. to Remand (Doc. 45) at 14–15.